IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAVONNE N. HENDERSON,<br><br>        Plaintiff,<br><br>v.<br><br>CHOCTAW COUNTY CITY OF HUGO<br>HOSPITAL AUTHORITY d/b/a<br>CHOCTAW MEMORIAL HOSPITAL;<br>QUORUM HEALTH RESOURCES;<br>and DAVIE LLOYD, in her<br>individual and official<br>capacity as CEO and<br>Administrator of Choctaw<br>County City of Hugo Hospital<br>Authority,<br><br>        Defendants. | Case No. CIV-09-125-KEW |

## OPINION AND ORDER

This matter comes before the Court on the Motion for Partial Summary Judgment filed by Defendants Choctaw County-City of Hugo Hospital Authority d/b/a Choctaw Memorial Hospital, Quorum Health Resources, and Davie Lloyd on March 3, 2010 (Docket Entry #43) and the Motion for Partial Summary Judgment filed by Defendant Choctaw County-City of Hugo Hospital Authority d/b/a Choctaw Memorial Hospital on March 26, 2010 (Docket Entry #51). Defendant was granted leave upon request to file a second summary judgment motion. Further, Plaintiff responded and filed supplemental responses with leave of the Court and Defendant, in turn, replied and filed supplemental replies. The briefing is completed on the issues addressed on the Motions and this Court renders this ruling.

Plaintiff was employed by Defendant City of Hugo - Choctaw

County Hospital Authority d/b/a Choctaw Memorial Hospital ("CMH") from September of 1992 until February of 2008 as the Lab Supervisor. Plaintiff was an at-will employee during her tenure.

In July of 2007, Defendant Davie Lloyd ("Lloyd") was hired as CMH's CEO. Plaintiff has not alleged that she was physically harmed by Lloyd or any other employee of Defendants during Plaintiff's employment with CMH. Plaintiff states, however, that Lloyd began asking her when she was going to retire. Plaintiff states Lloyd asked this question at least three times. On one occasion, Plaintiff testifies Lloyd informed her that she should select someone she could train to replace her. Lloyd selected Emerson Ando, age 29, as Plaintiff's replacement.

As additional evidence of Lloyd's propensity to discriminate against individuals in a protected age class, Plaintiff presents evidence that Lloyd terminated two other individuals over the age of 40. One such employee, Cathy Pinkard, provided an affidavit which indicates that while she was officially terminated for insubordination, she believed her age may have played a role in her termination.

Additionally, Lloyd began giving Plaintiff sub-satisfactory performance evaluations, beginning January 15, 2008 and three write ups on February 11, 2008. Conflicting evidence is presented by both parties as to whether the lab Plaintiff supervised was in danger of losing its state certification due to Plaintiff's action

or inaction. Ultimately, Plaintiff's employment was terminated on February 14, 2008. She was 71 years old at the time of her termination. Plaintiff was replaced by a younger individual, Mr. Ando.

Defendants present evidence that Plaintiff discussed her retirement with Lloyd's predecessor and, therefore, Lloyd was merely continuing with those discussions when she became CEO. Defendants also affirmatively contend that Plaintiff was terminated due to the poor performance of the laboratory and the possible loss of accreditation.

Plaintiff instituted this lawsuit on March 30, 1009, alleging she was terminated in violation of the Age Discrimination in Employment Act ("ADEA") as well as claims based in state law for wrongful termination in violation of Oklahoma public policy, negligent supervision, training, and retention, and interference with contractual relations.

In the first summary judgment Motion, CMH and Defendant Quorum Health Resources ("QHR") contend they are entitled to summary judgment on Plaintiff's claim for negligent retention and for contractual interference. Defendants argue these claims cannot be sustained as a matter of law.

In the later motion, Defendant CMH contends (1) Plaintiff has failed to meet the new standard for evaluating ADEA claims established by the United States Supreme Court; (2) Plaintiff

cannot satisfy the burden shifting required under the McDonnell Douglas test; and (3) Plaintiff's Burk claim fails because her ADEA claim fails.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that, "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party bears the initial burden of showing that there is an absence of any issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

**Effect of the *Gross* Case Upon Plaintiff's ADEA Claim**

Clearly, the Supreme Court's pronouncement in the case of Gross v. FBL Financial Services, Inc., 129 S.Ct. 2343 (2009) has altered the level and nature of the burden upon an employee bringing an ADEA claim. The ADEA provides, in pertinent part, that "[i]t shall be unlawful for an employer ... to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The Supreme Court interpreted an employee's burden employing the plain language of the statute by establishing that "[a] plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision." Gross, 129 S.Ct. 2343, 2351 (2009). Mixed motivations – that is, whether age was one of the factors in the adverse employment action taken against the employee - do not enter the consideration of the merits of the case by the fact finder at trial.

The effect of the Gross ruling at the summary judgment stage is, however, suspect in this Circuit. Several unpublished cases coming from the Tenth Circuit Court of Appeals indicates the McDonnell Douglas burden shifting formula still applies when

5

considering summary judgment in an ADEA case where age discrimination is alleged through circumstantial evidence. *See,* Phillips v. The Pepsi Bottling Co., 2010 WL 1619259, 3 (10th Cir. Colo.); Woods v. Boeing Co., 2009 WL 4609678, 5 (10th Cir. Kan.); Reeder v. Wasatch Co. School Dist., 2009 WL 5031335, 3 (10th Cir. Utah).

Under the burden shifting rubric, Plaintiff must provide evidence to meet the requirements of the test for a *prima facie* case established in the case of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). In order to satisfy her burden of demonstrating a *prima facie* case of intentional age discrimination, Plaintiff must show that: (1) she belongs to the protected age group; (2) her job performance was satisfactory; (3) she was discharged; and (4) she was replaced by a younger person. Thomas v. International Business Machines, 48 F.3d 478, 484 (10th Cir. 1995)(citations omitted). CMH does not dispute Plaintiff has demonstrated a *prima facie* case.

Once an employee has shown a *prima facie* case of intentional age discrimination, the burden shifts to the employer to provide a legitimate, non-discriminatory reason for the employment action that it took. If the employer makes this showing, the burden shifts back to the employee to prove that the reason provided is a mere pretext for the discriminatory reason for the employment action. Furr v. Seagate Technologies, Inc., 82 F.3d 980, 985 (10th

Cir. 1996) *cert. denied* 117 S.Ct. 684 (1997). CMH has met its burden of proffering the legitimate, non-discriminatory reason for Plaintiff's termination – possible loss of certification of the laboratory due to deficiencies found after inspections.

The burden then shifts to Plaintiff to show that this reason is pretextual. Pretext may be established by showing either "that a discriminatory reason more likely motivated the employer or ... that the employer's proffered explanation is unworthy of credence." McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1129 (10th Cir. 1998) citing Rea v. Martin Marietta Corp., 29 F.3d 1450, 1455 (10th Cir. 1994). Where a plaintiff seeks to demonstrate that the employer's explanation is merely a pretext, this court "requires a showing that the tendered reason for the employment decision was not the genuine motivating reason, but rather was a disingenuous or sham reason." Id. citing Reynolds v. School District No.1 Denver, 69 F.3d 1523, 1535 (10th Cir. 1995). Summary judgment is not ordinarily appropriate for settling issues of intent or motivation. Id. citing Setliff v. Memorial Hosp.of Sheridan County, 850 F.2d 1384, 1394 n.12 (10th Cir. 1988).

Plaintiff has provided evidence to call CMH's explanation for her termination into question. Plaintiff received multiple satisfactory performance evaluations and attendant merit pay increases during the very years the questionable surveys of the laboratory by the inspecting agency were received and upon which

7

Plaintiff's termination was allegedly based. Moreover, the questioning by Lloyd of Plaintiff's anticipated retirement date and instruction to appoint and train a successor - while taken alone may not constitute age discrimination - builds upon other evidence to indicate possible pretext. Other alleged bases for Lloyd's termination of Plaintiff are also contradicted by evidence in the record. Physicians not receiving their laboratory results in a timely manner is contradicted by testimony that physicians had no such complaints. Plaintiff's alleged failure to input laboratory charges is contradicted by Plaintiff stating the charges were never given to her by Lloyd. Plaintiff's alleged failure to cooperate and questionable attendance as described in Lloyd's deposition testimony are countered by Plaintiff's testimony. As a result, the disputed facts on whether Plaintiff's termination was a pretext for intentional age discrimination precludes summary judgment on Plaintiff's ADEA claim.

At trial, the jury will be instructed in accordance with the guidance provided by the Supreme Court in Gross. Similarly, Plaintiff's evidence will be measured by the "but for" standard at trial.

**Burk Age Claim**

The sole basis for summary judgment alleged by CMH on Plaintiff's Burk claim is the asserted failure of Plaintiff's ADEA claim. Since summary judgment is not appropriate on the ADEA

claim, it is equally inappropriate on the age Burk claim.

**Negligent Retention, Supervision, and Training Claims**

Defendants assert summary judgment is appropriate on Plaintiff's negligent retention, supervision, and training claims because Oklahoma requires a physical injury as an element of proof before the claim can be pursued. As an initial matter, the parties appear to be at odds about whether summary judgment is sought on only the negligent retention claim, since that is the only claim identified throughout Defendants' brief, or on all three claims. Defendant sufficiently identified all three claims for consideration on summary judgment.

Defendants' position is based upon a review of the case authority in Oklahoma which has permitted a negligent retention, supervision and/or training claim to proceed to trial. All such cases have involved a physical harm to the plaintiff and has not entailed employment discrimination. *See e.g.*, N.H. v. Presbyterian Church (U.S.A.), 998 P.2d 592, 600 (Okla. 1999); Jordan v. Cates, 935 P.2d 289, 293 (Okla. 1997); Magnum Foods, Inc. v. Continental Casualty Co., 36 F.3d 1491, 1500 (10th Cir. 1994). This Court questions whether the Oklahoma courts would extend the negligent retention, supervision, and training claims to a case alleging employment discrimination. However, this Court would note that neither CMH nor QHR has denied that Lloyd acted while in the course and scope of her employment at all times and during all actions she

took in this case. As a result, vicarious liability has been established, making Plaintiff's claims for negligent retention, supervision, and training superfluous. Jordan, 935 P.2d at 293; Blazier v. St. John Medical Ctr. Inc., 2006 WL 2599199, 8 n.5 (N.D. Okla.).

**Intentional Interference With Contract Claim**

Lloyd also contends Plaintiff's intentional interference with contract claim has not been recognized in Oklahoma in the context of an at will employee. Lloyd's argument fails because Oklahoma recognizes tortious interference with prospective economic advantage, as well as tortious interference with an actual contractual relationship. See Gonzalez v. Sessom, 137 P.3d 1245, 1249 (Okla. Civ. App. 2006); McNickle v. Phillips Petroleum Co., 23 P.3d 949, 953-94 (Okla. Civ. App. 2001); Overbeck v. Quaker Life Ins. Co., 757 P.2d 846, 847-49; see also Harman v. Okla. ex rel. N. Okla. Bd. of Regents, 2007 WL 1674205, 3 (W.D. Okla. 2007) (concluding that "[a]lthough there apparently is no Oklahoma Supreme Court authority directly recognizing [a tortious interference with prospective economic advantage] claim in the at-will employment context ... lower Oklahoma courts have recognized the cause of action without hesitation"). Thus, it does not appear that an actual contract is not a requirement for recovery.

IT IS THEREFORE ORDERED that the Motion for Partial Summary Judgment filed by Defendants Choctaw County-City of Hugo Hospital

Authority d/b/a Choctaw Memorial Hospital, Quorum Health Resources, and Davie Lloyd on March 3, 2010 (Docket Entry #43) is hereby **GRANTED**, in part, in that Plaintiff's claims for negligent retention, supervision, and training are hereby **DISMISSED**. Summary judgment, however, is **DENIED** on Plaintiff's claim for intentional interference with contract.

IT IS FURTHER ORDERED that the Motion for Partial Summary Judgment filed by Defendant Choctaw County-City of Hugo Hospital Authority d/b/a Choctaw Memorial Hospital on March 26, 2010 (Docket Entry #51) is hereby **DENIED**.

IT IS FURTHER ORDERED that the parties shall submit an Amended Pretrial Order no later than **MAY 27, 2010 AT 12:00 P.M. NOON**.

IT IS SO ORDERED this 25th day of May, 2010.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE