FILED
MAY 27 2010
WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

LAVONNE N. HENDERSON, )
)
        Plaintiff, )
)
v. ) Case No. CIV-09-125-KEW
)
CHOCTAW COUNTY CITY OF HUGO )
HOSPITAL AUTHORITY d/b/a )
CHOCTAW MEMORIAL HOSPITAL; )
QUORUM HEALTH RESOURCES; )
and DAVIE LLOYD, in her )
individual and official )
capacity as CEO and )
Administrator of Choctaw )
County City of Hugo Hospital )
Authority, )
)
        Defendants. )

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion in Limine filed April 19, 2010 (Docket Entry #66). Defendants have responded to the Motion. Upon review of the arguments of the parties, this Court renders the following evidentiary rulings and the parties shall conform their presentation of evidence and argument to the jury in accordance with these rulings:

1) Any reference to any litigation in which Plaintiff may have been involved, including any divorce proceedings –

Based upon the questioning during her deposition, Plaintiff anticipates the possible inquiry by Defendants concerning a prior divorce in 1978 as well as other unspecified litigation. Plaintiff contends such evidence is irrelevant and would serve to confuse the jury, waste time, and be unfairly prejudicial. Defendants respond

that they do not intend to offer evidence of Plaintiff's prior divorce but cannot agree to a blanket prohibition upon questioning regarding other litigation. This Court perceives no relevance any such litigation might have to the claims in this case. As a result, Plaintiff's motion will be granted on this issue, subject to Defendants showing the relevance of other litigation to this case.

2) Any attempts to offer irrelevant out-of-court statements to establish the truth of the matter asserted therein.

Plaintiff seeks to exclude from the evidence presented at trial references made in the depositions of Defendant Davie Lloyd and witness Emerson Ando. Specifically, these witnesses testified that after a lab survey conducted by the Oklahoma State Department of Health in 2009, the surveyors stated that if the lab had had another "bad survey," they were going to recommend that the lab be shut down. Plaintiff does not anticipate that either of the surveyors will testify at trial due to restrictions placed upon them by their state employer. Plaintiff asserts this testimony would inject inadmissible hearsay into the trial. Additionally, Plaintiff contends the testimony is irrelevant and unfairly prejudicial as the comments were allegedly made at least one year after Plaintiff's termination.

Plaintiff also seeks to exclude testimony that Lloyd is anticipated to offer which includes among the reasons for her

termination of Plaintiff complaints Lloyd received from Tawyna Gee and Karen Jones, employees of CMH about physicians complaining that they were not receiving lab results in a timely fashion. Plaintiff contends Defendant has not listed Gee, Jones or any physicians as witnesses but anticipates Lloyd will testify as to their statements, which represents inadmissible hearsay and is irrelevant and unfairly prejudicial.

For their part, Defendants counter that Lloyd's and Ando's testimony would be offered to demonstrate what Lloyd and Ando believed and relied upon the statements for Lloyd to retain Ando as Laboratory Supervisor and for Ando to know the manner in which to operate the lab in compliance with the surveys. As for the statements of Gee and Jones, Lloyd seeks to testify concerning the statements made to her to demonstrate the information she relied upon in evaluating Plaintiff's performance.

The testimony regarding comments made by the surveyors adds nothing to the evidentiary record on the base claims made in this action – whether Plaintiff would have been terminated but for her age. Plaintiff had already been terminated at the time the comments were allegedly made and, therefore, could not have been relied upon for either Plaintiff's discipline or termination. As such is the case, the testimony is irrelevant to this case and will be excluded.

The testimony of statements allegedly made by Gee and Jones is

3

documented as a basis for Plaintiff's termination and is admissible to prove Lloyd's state of mind at the time she decided to terminate Plaintiff, making the testimony subject to an exception to the hearsay rule. The testimony is relevant as it is one of the alleged bases Lloyd relies upon for her decision and, while it is certainly prejudicial to Plaintiff's claims, it is not unfairly so. Thus, the testimony will be permitted.

IT IS THEREFORE ORDERED that the Plaintiff's Motion in Limine filed April 19, 2010 (Docket Entry #66) is hereby **GRANTED**, in part, in that evidence concerning any litigation in which Plaintiff might have been involved and which is not related to this case and indirect evidence of comments allegedly made by the surveyors after the 2009 survey of the laboratory will be excluded from evidence. The remainder of the Motion is **DENIED**

IT IS SO ORDERED this 27th day of May, 2010.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE

4