IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

LAVONNE N. HENDERSON, )
)
        Plaintiff, )
)
v. ) Case No. CIV-09-125-KEW
)
CHOCTAW COUNTY CITY OF HUGO )
HOSPITAL AUTHORITY d/b/a )
CHOCTAW MEMORIAL HOSPITAL; )
QUORUM HEALTH RESOURCES; )
and DAVIE LLOYD, in her )
individual and official )
capacity as CEO and )
Administrator of Choctaw )
County City of Hugo Hospital )
Authority, )
)
        Defendants. )

**OPINION AND ORDER**

This matter comes before the Court on Defendants' Motion in Limine filed April 19, 2010 (Docket Entry #69). Plaintiff has responded to the Motion. Upon review of the arguments of the parties, this Court renders the following evidentiary rulings and the parties shall conform their presentation of evidence and argument to the jury in accordance with these rulings:

1) Evidence pertaining to the departure of Defendant Davie Lloyd ("Lloyd") from her employment with CMH –

Defendants seek to exclude from trial evidence regarding the circumstances surrounding Lloyd's termination as CEO of CMH in June of 2009. Defendants anticipate Plaintiff will attempt to introduce this evidence to imply Lloyd's termination was related to her actions in regard to Plaintiff's employment and termination in

February of 2008. Defendants contend this evidence is irrelevant to Plaintiff's claims and is unfairly prejudicial since it will require Defendants to present additional evidence on this unrelated issue at trial. Defendants assert the evidence does not indicate Lloyd was terminated in any way related to Plaintiff's circumstances.

Plaintiff contends the evidence bears upon Lloyd's credibility because the bases for her termination offered by CMH's board differs from that offered by Lloyd in her deposition. Plaintiff also anticipates Defendants will offer evidence to indicate Lloyd performed satisfactorily during her tenure as CEO. The complaints which led to Lloyd's termination would tend to show otherwise, in Plaintiff's estimation.

The outcome of this case will largely depend upon the jury's evaluation of the testimony of Lloyd and Plaintiff and their attendant credibility. Moreover, the overall manner in which Lloyd handled employment matters, including those involving individuals in a protected age class, while acting as CEO is at the heart of Plaintiff's allegations. Evidence is present in the record that Lloyd's relationship with her employees played a part in her ultimate termination. As a result, this Court finds evidence of the circumstances surrounding Lloyd's separation from CMH to be both relevant and more probative than prejudicial and will be permitted at trial.

2)  Evidence obtained from Fleming County Hospital and/or prior employers of Lloyd.

Plaintiff seeks to exclude evidence from Lloyd's prior employers and Fleming County Hospital, contending documents from those employers are irrelevant to the claims in this case. This Court cannot ascertain from the filings the nature of any such documents, the relevancy of the subject matter contained in the documents, or even whether such documents exist. As a result, it is impossible for this Court to rule upon this issue at this time without further information. Defendants do reference documentation from Fleming County Hospital "indicating that an employee complained of harassment, not discrimination, by Ms. Lloyd in early 2010." Since this documentation would appear to involve a claim made after Plaintiff's termination, this Court finds little relevance to this case. Again, this Court will reserve ruling on this documentation as well.

3)  Evidence pertaining to Dr. Ted Rowland's perceptions of laboratory operations and personnel at CMH

Defendants next request the exclusion of testimony from Dr. Ted Rowland, the Chief of Staff for CMH, concerning whether the laboratory operated without problems and whether Plaintiff adequately performed her job. Defendants contend this testimony is irrelevant, more prejudicial than probative, and would serve to confuse the jury. Dr. Rowland certainly can testify concerning his

3

experiences with the laboratory, in general, and Plaintiff's job performance, in particular. Further, one of the bases Lloyd relies upon for Plaintiff's termination was reported complaints by physicians in not receiving lab results in a timely fashion. Dr. Rowland can speak to his experiences in these areas. The motion will be denied in these limitations.

4) Evidence of complaints made about Lloyd that are unrelated to Plaintiff's claim of discrimination

Defendants seek the exclusion of evidence from other employees challenging Lloyd's management style which involves matters unrelated to Plaintiff's claims. Because these complaints may relate to the circumstances surrounding Lloyd's separation from CMH and may involve actions taken against other employees allegedly based upon their age, the motion will be denied on this issue. The Court will evaluate any such evidence for relevancy at trial.

5) Evidence from Dr. Ted Rowland regarding the character of Lloyd

Defendants seek to exclude evidence proffered by Dr. Rowland during his deposition that he received complaints from employees concerning Lloyd being "mean" and that she was not "honest." Certainly, evidence of dishonesty is relevant on the issue of Lloyd's credibility and can be presented for the jury's evaluation at trial.

6) Evidence relating to Plaintiff's hospitalization for an anxiety attack in 2009

Defendants request that evidence of an anxiety attack suffered by Plaintiff in 2009 be excluded from trial. Plaintiff states the medical records at the time indicate the panic attacks began one year prior to the 2009 attack. Since emotional distress damages are a component of the claims made in this case, the evidence will be permitted.

7) Evidence of Gary Glover's perceptions of the compliance status of the CMH laboratory after he was no longer a consultant to the laboratory

Defendants seek to exclude the testimony of Gary Glover, a consultant for CMH hired by Lloyd's predecessor, after his contract for consulting ended in December 31, 2007. Plaintiff does not appear to object to excluding any evidence offered by Mr. Glover after his contract ended but does seek to allow his testimony from reviewing documentation which emanated from the period while he still was under contract. Mr. Glover's testimony covering documents created or events which occurred after December 31, 2007 are irrelevant and will be excluded.

8) Evidence of Lloyd's journal kept during her tenure at CMH

Lloyd testified during her deposition that she kept a journal of events that occurred while she was CEO at CMH. However, she did not produce the journal during discovery because it was located in Tennessee and could not be obtained without considerable expense. The journal was apparently never produced. Defendants seek to

exclude any reference to Lloyd's journal. Plaintiff objects, stating Defendants did not preserve the journal, even suggesting she is entitled to an adverse inference instruction. This Court has to date not been presented with the circumstances surrounding the journal, the manner in which it was kept, its precise location, Defendants' knowledge as to its status, or if it is available. Certainly, Plaintiff never filed a motion to compel the production of the journal. Without Plaintiff exhausting the means available to her for obtaining it, the journal has little relevancy to this case. It is premature for Plaintiff to argue for an adverse inference instruction without additional information.

9) Evidence relating to Plaintiff's performance evaluations prior to 2004

Defendants request evidence of Plaintiff's performance evaluations prior to 2004 be excluded as irrelevant. The evaluations are relevant to contrast Plaintiff's perceived performance prior to Lloyd's coming on as CEO and after she did so. Additionally, Lloyd allegedly based her decision to terminate Plaintiff, at least in part, upon bad surveys conducted on the laboratory while Plaintiff was its supervisor prior to 2004. As a result, the evidence will be permitted.

10) Evidence pertaining to or created by Cathy Pinkard, Charles Hervey, Donna Oliver, Caryn Jones, Christy McIntire, Diane Caldwell, and Mark Dahl

Defendants request that evidence produced by previously terminated employees as irrelevant and unfairly prejudicial. Plaintiff opposes the exclusion of the testimony of Pinkard and McIntire on the basis that Pinkard believed that age played a part in her termination by Lloyd and McIntire can testify concerning the lack of foundation for certain of Lloyd's "write ups" of Plaintiff. This testimony is relevant to the claims asserted in this case and will be permitted. The testimony of the remaining identified witnesses will be excluded.

11) Evidence pertaining to comments allegedly made by Lloyd more than 300 days prior to Plaintiff's filing of her EEOC discrimination claim

Defendants seek to exclude certain comments allegedly made by Lloyd inquiring as to when Plaintiff intended to retire which were ostensibly made outside of the 300 day period prior to the filing of her EEOC claim. This evidence may be admitted to support a timely filed claim as background evidence. Martinez v. Potter, 347 F.3d 1208, 1211 (10th Cir. 2003)(citation omitted). Therefore, the motion will be denied in this regard.

12) Evidence pertaining to Gary Glover's 2005 mock compliance survey of CMH

Defendants request that a mock survey performed by Mr. Glover while under contract with CMH under Lloyd's predecessor as CEO be excluded as it covers all departments except the laboratory.

Defendants contend the survey did not pertain in any way to Lloyd's performance as CEO since she was not employed as such at the time it was conducted. Plaintiff asserts the mock survey is relevant because it found deficiencies in other departments within CMH and no one was disciplined as a result. Lloyd has maintained throughout this litigation that the primary reason Plaintiff was terminated was because of bad surveys conducted of the laboratory both prior to and after Lloyd's hiring as CEO. Lloyd has, therefore, made any findings of deficiencies and the manner they were addressed prior to her employment relevant to this case. The motion will be denied in this regard.

IT IS THEREFORE ORDERED that the Defendants' Motion in Limine filed April 19, 2010 (Docket Entry #69) is hereby **GRANTED**, in part, and **DENIED**, in part, as specifically addressed herein.

IT IS SO ORDERED this 27th day of May, 2010.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE